Luis Carminely, Plaintiff and Appellant, *v.* Miguel Truyol, Defendant and Appellee.

No. 6183. Argued June 16, 1933.—Decided June 24, 1933.

282

*F. Beiró Rovira* for appellant. *C. Domínguez Rubio* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

In a case originating in the Municipal Court of Guayama, the District Court of Guayama after a trial *de novo* rendered judgment against the defendant, Miguel Truyol, and adjudged him to pay to the plaintiff the sum of $300, together with interest thereon, costs, and attorney's fees. On appeal said judgment was affirmed by this court as to the principal amount and modified as to the amount fixed for costs, expenses, and attorney's fees of plaintiff. This court confined itself to the imposition of costs on the defendant. (42 P.R.R. 921.)

On January 8, 1932, plaintiff filed in the District Court of Guayama a memorandum of costs which was opposed by defendant on the ground, among others, that the district court lacked jurisdiction to entertain or approve said memorandum of costs.

According to section 339 of the Code of Civil Procedure, as amended by Act No. 15 of November 1917 (Session Laws, (II) p. 228), " . . . . costs shall be claimed by the party to whom they have been granted by delivery to the secretary of the court wherein judgment was rendered in the first instance of a memorandum of said costs, of the disbursements necessarily made in the suit by the claimant, and of the amount of his attorney's fees, the truth of which memorandum shall be sworn to by the party or his attorney. Deliv-

ery of such memorandum shall be made within the ten days following that on which the term for appeal of the judgment rendered in the case shall have expired, in case no appeal shall have been taken; if an appeal has been taken said delivery shall be made within the ten days following that on which the court rendering judgment in the first instance shall have received official advice of the decision rendered on appeal in the last instance.''

Said section begins by providing that the costs shall be claimed by the party to whom they have been granted, by delivering to the clerk of the court wherein judgment was rendered in the first instance a memorandum of costs. The court which decided this case in the first instance was the municipal court. The jurisdiction of the district court was acquired on appeal. Plaintiff argues that on a trial *de novo*, the judgment of the lower court is not reversed or affirmed, but a new and distinct judgment, as may be required by the merits shown on the trial, is rendered, and hence the judgment entered by the District Court of Guayama in the instant case must be considered as rendered in the first instance, it being a new and distinct decision. The fact that a trial *de novo* was involved does not mean that the appellate court acted in the first instance. The jurisdiction of the district court to decide the case on appeal arose from the original jurisdiction acquired by the municipal court. The latter was the court of first instance. There are cases originating in a municipal court wherein appeals may be taken only to the corresponding district court. In said cases there are clearly two hearings (*instancias*). The use of the term ''first instance'' in the statute implies the existence of more than one hearing, the second hearing to be held before the district court, which in these cases is the court of last instance.

We transcribe below the grounds stated by the learned District Judge of Guayama to support his decision:

''In our judgment, the above quoted provision is absolutely clear and there is no difficulty in its interpretation.

"According to it, the memorandum must be delivered within the ten days following 'that on which the court rendering judgment in the first instance shall have received official advice of the decision rendered on appeal in the last instance.'

"In the light of said provision, it is clear, in our judgment, that the memorandum must be filed in the court which originally took cognizance of the case in the first instance. It might perhaps be argued that where there is involved an appeal from a municipal court to a district court, in which cases are heard *de novo*, both courts could be considered as being courts of first instance, since a trial *de novo* is held, but if we examine the doctrine established by the decisions regarding appeals in cases tried *de novo*, we will see that the jurisdiction of the district court, notwithstanding it involves a trial *de novo*, is not an original jurisdiction but rather an appellate jurisdiction.

"Our Supreme Court in *Amy* v. *Aponte et al.*, 31 P.R.R. 60, cites with approval the following doctrine:

"'"On a trial *de novo*," says Cyc., in summarizing the jurisprudence, "the judgment of the justice is not reversed or affirmed, but a new distinct, and independent judgment, as may be required by the merits shown on the trial, is rendered by the appellate court." But it immediately adds: "The jurisdiction acquired by the court is, however, appellate, and it can not render any judgment on appeal which the justice could not have rendered." 24 Cyc. 750.'

"If we examine the definition given by Escriche in his *Diccionario* we find that the word *'instancia'* means 'the exercise of an action in a judicial proceeding from the answer to final judgment,' and defining what is understood by first, second, and third *'instancia'*, he says:

"'*Primera instancia* (first instance) refers to the original trial at *nisiprius; segunda instancia* (second instance) to the hearing on appeal; and *tercera instancia* (third instance) to a rehearing before the same or a higher tribunal.'

"We could also cite on this point other pertinent statements set forth in said dictionary, but we refrain from so doing for the sake of brevity and in order not to unnecessary lengthen this opinion.

"This theory of Escriche is also found reproduced in 32 Corpus Juris, page 940, where the definition of said term by Escriche is transcribed in full.

"The question of jurisdiction being one of a privileged character, and as we are of the opinion that this court lacks jurisdiction to

pass upon said memorandum of costs, since the same should have been presented to the Municipal Court of Guayama which tried the case in the first instance, it would be improper for us to consider the other questions raised by the opposing party, as we would have no jurisdiction to consider and decide them.''

A judgment rendered on appeal is not executed in the district court. According to section 4 of the Act to regulate appeals from municipal courts, the clerk of the district court must send a certified copy of the judgment to the municipal court. Thereafter all the proceedings to make the judgment effective are taken in the municipal court as if the judgment had originated there. These provisions show that the law, in granting an appeal so that the case may be heard de novo, has not taken away the jurisdiction of the municipal court, since said jurisdiction is restored when the case is finally decided by the appellate court. We think that once the municipal court has received official notice of the judgment rendered, if it is desired to present a memorandum of costs the same must be delivered to the clerk of said court within the ten days following that on which the notice is received, as provided by section 339 of the Code of Civil Procedure, according to which the memorandum shall be filed in the court that rendered judgment in the first instance.

Appellant maintains that the municipal court would not have jurisdiction to allow attorney's fees, and invokes the case of *Ferreira* v. *López*, 29 P.R.R. 31, where it was said that the Municipal Court of Guayama had no jurisdiction to grant attorney's fees by virtue of a judgment rendered by the District Court of Guayama. It was also said in that case that if the municipal court had no authority to grant attorney's fees, the district court could not acquire said authority on appeal. In the case cited there was no stipulation as to attorney's fees. A complaint in an intervention proceeding (*tercería*) was dismissed and the claimant adjudged to pay costs, expenses, and attorney's fees. In the instant case the

defendant agreed to pay costs, expenses, and attorney's fees of the creditor in any court of justice. This court has heretofore declared that where there is an agreement between the parties, the matter of costs, expenses, and attorney's fees should be governed by the agreement and not by the provisions of the Code of Civil Procedure. *Cintrón & Aboy* v. *Solá*, 22 P.R.R. 245. If defendant bound himself to pay attorney's fees in case of judicial claim, this being the agreement between the parties, the municipal court acquired jurisdiction to grant those fees when it acquired jurisdiction over the principal obligation. The right of the creditor can not be subjected to the contingency of an appeal, which may or may not be taken. Moreover, as we have already said in *Ferreira* v. *López, supra,* if the municipal court had no authority to grant attorney's fees, this power could not be acquired by the district court either.

This court, in the case of *Amy* v. *Aponte et al.,* 31 P.R.R. 60, has declared that with regard to fees for work done in the municipal court, it being admitted that said court could not allow them, it followed necessarily that the district court could not allow them on appeal. It was also declared in said case that a careful consideration of the amendments made by the Legislature to section 327 of the Code of Civil Procedure showed that, in appeals from municipal courts, the district court can not allow attorney's fees for the services rendered before it.

In the instant case the municipal court, as well as the district court on appeal, had jurisdiction to award costs including attorney's fees by virtue of the stipulation between the parties. In accordance with the law, the memorandum of costs should have been filed in the court of first instance, which is the municipal court.

The order appealed from must be affirmed.